## Deacon v. Uhlman, Appellant.

*Practice—Pleading—Statement—Sufficiency of statement.*

A statement in an action for a balance for milk sold and delivered, not purporting to be brought upon a book account, is sufficient where it contains the following averment, " Plaintiffs aver that they sold and delivered to the defendant, in the month of March, 1901, 2,399 quarts of milk, and, in the month of April, 1901, 2,316 quarts of milk, at the price of three and one half cents per quart, the price agreed between them, *making the total* indebtedness therefor $165.03," followed by averments as to credits and balance due.

In an action for milk sold and delivered, a claim for freight paid to re-turn sour milk cannot be sustained where there is no allegation that plaintiff requested that the sour milk should be returned.

Argued Oct. 8, 1902. Appeal, No. 11, Oct. T., 1902, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1901, No. 1307, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of A. F. Deacon and James Newman, trading as Deacon & Newman v. Joseph F. Uhlman. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Plaintiffs' statement was as follows :

A. F. Deacon and James Newman, trading as Deacon &

Newman, the paintiffs, bring this action in assumpsit against Joseph F. Uhlman, the defendant, to recover the sum of $110.83 with interest thereon from May 1, 1901, being a balance which the defendant owes and is justly indebted for to them for certain merchandise, viz : milk, which they sold and delivered to the defendant, and which he received and promised to pay for as follows :

Plaintiffs avers that they sold and delivered to the defendant in the month of March, 1901, 2,399 quarts of milk, and in the month of April, 1901, 2,316 quarts of milk at the price of three and one half cents per quart, the price agreed between them, making the total indebtedness therefor $165.03, on account of which the defendant paid in cash in May last, $50.00 ; and that the defendant is further entitled to a credit of $4.20 for a claim of sour milk, namely, 120 quarts, after which deductions there remains a balance due the plaintiffs of $110.83 with interest as aforesaid, which has been demanded of the defendant and he has neglected and refused to pay the same, hence this suit.

The affidavit of defense was as follows :

That it is true that the said plaintiffs have delivered and sold to the defendant milk during the months of March and April, 1901, and that the price was to be three and one half cents per quart, but that he is unable to ascertain from the statement filed, how much or how many quarts was sold and delivered upon each day of the said months in order to verify the delivery of the same.

Should the amount demanded by the plaintiffs be correct, the defendant has an offset of 340 quarts of sour milk, instead of 120 quarts, as admitted by the plaintiffs, amounting to $11.90 instead of $4.20, as admitted. This defendant has a further offset of $3.40 for freight paid to return the sour milk and cans to the plaintiffs.

That the statement is vague and indefinite, not stating as it should the amount of quarts of milk sold and delivered daily in the months of March and April, 1901, so that the defendant would have an intelligent proposition to answer. All of the facts as a set-off made are true and will be proven at the trial of the cause.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles F. Linde*, for appellant.—The statement was insufficient: Tradesmen's Bank v. Johnson, 12 Pa. C. C. Rep. 6; Fritz v. Hathaway, 135 Pa. 274; Byrne v. Hayden, 124 Pa. 170; Murdoch v. Martin, 132 Pa. 86.

*William H. Peace*, for appellees.

OPINION BY BEAVER, J., November 19, 1902:

The appellant objects to the sufficiency of the plaintiffs' statement, principally because the specific dates of delivery of the milk, which is the basis of the claim, are not given with the amount delivered each day. This suit does not purport to be brought upon a book account, but for a balance for milk sold and delivered by the plaintiffs to the defendant. The statement contains the following specific averment: " Plaintiffs aver that they sold and delivered to the defendant, in the month of March, 1901, 2,399 quarts of milk, and, in the month of April, 1901, 2,316 quarts of milk, at the price of three and one half cents per quart, the price agreed between them, making the total indebtedness therefor $165.03," and then follow the credits and statement of the balance due.

This statement undoubtedly sets forth a good cause of action. It might have been more specific. Possibly the plaintiffs might have been able to make it more specific by setting forth the deliveries of milk each day during the two months in which deliveries were made. But the defendant made no effort to have this done. He endeavored to meet the averments of the statement by his affidavit and has failed to do it in such a way as to make it an effectual barrier to the entry of judgment.

If the defendant kept an account of daily deliveries, it would have been a simple matter of addition to aggregate them and ascertain whether they agreed with the aggregate of monthly deliveries as claimed by the plaintiffs.

The claim of set-off for sour milk is very vague and indefinite as to time and there is no allegation that it was unmarketable, when received. As to the claim for freight paid to return the sour milk, admitted by the plaintiffs to have been sour, there is no allegation that plaintiffs ·requested its return and, unless

they did so, they would not be liable for freight. The affidavit of defense is clearly insufficient and the court below was correct in so holding. .

Judgment affirmed.